T.C. Memo. 2000-35


UNITED STATES TAX COURT


FRANCES L. AND GARY L. RAMBACHER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11444-96.          Filed February 4, 2000.


Frances L. and Gary L. Rambacher, pro sese.

Andrew M. Winkler, for respondent.


MEMORANDUM OPINION

GOLDBERG, Special Trial Judge:  Respondent determined additions to petitioners' Federal income tax for the 1983 taxable year of $138 pursuant to section 6653(a)(1) and for 50 percent of the interest on $2,757, the part of the underpayment due to negligence pursuant to section 6653(a)(2).  Unless otherwise indicated, all section references are to the Internal Revenue

Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioners are liable for additions to tax for negligence or intentional disregard of rules or regulations pursuant to section 6653(a)(1) and section 6653(a)(2) for the 1983 taxable year.

This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time that they filed their petition, petitioners resided in Ironton, Ohio.

On February 17, 1995, this Court entered a stipulated decision in the underlying partnership proceeding, Anderson Equip. Associates v. Commissioner, at docket No. 27745-89. Pursuant to section 7481, that decision became final on May 18, 1995, and thereafter respondent assessed taxes against petitioners for the 1981, 1982, 1983, and 1984 taxable years as computational adjustments. The deficiency in the instant case is attributable to adjustments in the underlying partnership proceedings which resulted in automatic adjustments to petitioners' income pursuant to the provisions of the Tax Equity & Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324.

On March 5, 1996, respondent issued a notice of deficiency to petitioners for the 1981 taxable year. The question of

petitioners' liability for negligence for 1981 was decided by this Court in the case of <u>Rambacher v. Commissioner</u>, T.C. Memo. 1998-124, affd. without published opinion 194 F.3d 1313 (6th Cir. 1999)(Rambacher I).[1]  Petitioners were found liable for the additions to tax pursuant to sections 6653(a)(1) and (2) for 1981.  Pursuant to section 7481(a)(2)(A), the decision in Rambacher I became final on December 28, 1999, the date on which the time allowed for filing a petition for a writ of certiorari with the U.S. Supreme Court expired.[2]

In the instant case, respondent, in a notice of deficiency dated March 5, 1996, determined that petitioners were liable for additions to tax pursuant to section 6653(a)(1) and section 6653(a)(2) for the 1983 tax year.

Section 6653(a)(1) provides for an addition to tax equal to 5 percent of any underpayment if any part of the underpayment is due to negligence or intentional disregard of rules or regulations.  Section 6653(a)(2) provides for an addition to tax in the amount of 50 percent of the interest payable on the portion of any underpayment of tax which is attributable to negligence or intentional disregard of rules or regulations.

---

[1]     The order of the Court of Appeals for the Sixth Circuit lists petitioner wife as "Francis L. Rambacher" in the case caption.  The unpublished order was entered on Sept. 28, 1999.

[2]     Rule 13, Rules of the Supreme Court of the United States, provides that a petition for a writ of certiorari is timely when filed within 90 days after entry of the judgment.

In their petition, petitioners contend: (1) Petitioners were not negligent or did not intentionally disregard rules and regulations; (2) the Internal Revenue Service (IRS) did not respond to petitioners' request to inform petitioners as to how the IRS made its negligence determination; and (3) that the statute of limitations bars respondent's action in this matter.[3]

Petitioners concede that the issue in this case is identical to the issue in Rambacher I and have stipulated that record into this case. Since the issue decided by Rambacher I is identical to the issue in this case, we issued an Order to Show Cause (order) on November 16, 1999, asking petitioners to demonstrate why this case should not be decided on the same grounds as Rambacher I. Petitioners' response to the order was filed with this Court on December 16, 1999.

The doctrine of collateral estoppel, sometimes called issue preclusion, generally "applies to tax proceedings involving similar claims containing the same legal points, or different tax years, when there has been no change in the controlling facts or applicable legal principles." Continental Oil Co. v. Jones, 80 F. Supp. 340, 343 (W.D. Okla. 1948), affd. 176 F.2d 519 (10th Cir. 1949); see also Commissioner v. Sunnen, 333 U.S. 591, 598-599 (1948). Collateral estoppel has "the dual purpose of

---

[3] Petitioners now concede that the statute of limitations does not bar an assessment with respect to the 1983 tax year.

protecting litigants from the burden of relitigating an identical issue and of promoting judicial economy by preventing unnecessary or redundant litigation." Meier v. Commissioner, 91 T.C. 273, 282 (1988).

In Montana v. United States, 440 U.S. 147, 155 (1979), the Supreme Court established the following three-prong test for applying collateral estoppel: (1) The issue presented in the subsequent litigation is in substance the same as the issue presented in the first case; (2) the controlling facts or legal principles have not changed significantly since the first judgment; and (3) special circumstances do not warrant an exception to the normal rules of preclusion.

Building on the Supreme Court's analysis in Montana, this Court has identified five criteria that must be satisfied for collateral estoppel to apply. They are: (1) The issue in the second suit must be identical in all respects with the one decided in the first suit; (2) there must be a final judgment rendered by a court of competent jurisdiction; (3) collateral estoppel may only be invoked against parties and their privies to the prior judgment; (4) the parties must have actually litigated the issue and the resolution of the issue must have been essential to the prior decision; and (5) the controlling facts and applicable legal rules must remain unchanged from those in

the prior litigation.  See <u>Peck v. Commissioner</u>, 90 T.C. 162, 166-167 (1988), affd. 904 F.2d 525 (9th Cir. 1990).

On the basis of the record, we find that all five conditions have been satisfied in the instant case, and, pursuant to the doctrine of collateral estoppel, find that the holding in Rambacher I is controlling here.  We therefore hold that petitioners are liable for the additions to tax pursuant to sections 6653(a)(1) and (2) for the 1983 taxable year.

To reflect the foregoing,

<u>An appropriate order and</u>
<u>decision will be entered</u>.